United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD V. RAY, JR.,

      Petitioner,

      v.

MATTHEW CATE, Secretary of
California Department of
Corrections & Rehabilitation,

      Respondent.

                      /

No. C 10-1582 SI (pr)

**ORDER RULING ON MOTIONS AND
REQUIRING PETITIONER TO
MAKE ELECTION REGARDING
UNEXHAUSTED CLAIMS**

**INTRODUCTION**

Edward V. Ray, Jr., filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted on 16 claims. Respondent moved to dismiss on the ground that state court remedies had not been exhausted for many of the claims in the petition. Ray opposed the motion. For the reasons discussed below, the court finds that state court remedies were not exhausted for several of the claims and requires Ray to choose how to deal with this problem. The court also addresses several miscellaneous motions filed by Ray.

**BACKGROUND**

The petition challenges Ray's 2007 conviction in Alameda County Superior Court of 21 counts of robbery with various sentence enhancements, for which he was sentenced to 38 years and four months in prison. On appeal, his conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He also filed

1    unsuccessful petitions for writ of habeas corpus in the state court, including one petition for writ

2    of habeas corpus in the California Supreme Court.

3            Ray's federal petition for writ of habeas corpus alleged sixteen claims:  (1) statements

4    were used at trial that were obtained without a proper <u>Miranda</u> warning having been given; (2)

5    his Sixth Amendment right to counsel was violated when a videotaped lineup was held at which

6    counsel was not present; (3) his speedy trial rights under the Sixth Amendment were violated

7    because trial was not held within sixty days; (4) he is actually innocent in the "'string of takeover

8    robberies' in Oakland," Petition, p. 8; (5) there was prosecutorial misconduct as described at

9    pages 10-15 of the petition; (6)  his Fourteenth Amendment rights were violated because

10   sentence enhancements were imposed that were not supported by the evidence; (7) the failure

11   to sever Ray's trial from that of a co-defendant and the use of the co-defendant's statement

12   violated Ray's Sixth Amendment right to confront witnesses; (8) Ray received ineffective

13   assistance of trial counsel in the ways described at pages 24-29 of the petition; (9) Ray received

14   ineffective assistance of appellate counsel in that counsel failed to brief several issues on appeal;

15   (10) the appellate court judge "changed testimony given during trial" in the appellate opinion,

16   <u>id.</u> at 31; (11) the use of modified CALCRIM No. 3515 jury instruction violated his right to due

17   process; (12) the trial court erred in failing to instruct the jury on accomplices; (13) the evidence

18   was insufficient to support the convictions as described at pages 36-38 of the petition; (14) the

19   admission of a prosecution witness' opinion testimony violated Ray's right to a fair trial; (15) his

20   statements made to police were involuntary and coerced; and (16) his sentence amounts to cruel

21   and unusual punishment.

22           Respondent moved to dismiss on the ground that state judicial remedies had not been

23   exhausted for several claims in the petition.  Specifically, respondent contended that state court

24   remedies were not exhausted for claim 2, claim 4, three sections of claim 6, claim 7, four

25   sections of claim 8, claim 12, claim 13, and claim 14.  Ray opposed the motion.

26

27

28

1

**DISCUSSION**

2     A.     Motion To Dismiss

3            1.      Exhaustion Requirements

4            Prisoners in state custody who wish to challenge collaterally in federal habeas

5     proceedings either the fact or length of their confinement are required first to exhaust state

6     judicial remedies, either on direct appeal or through collateral proceedings, by presenting the

7     highest state court available with a fair opportunity to rule on the merits of each and every claim

8     they seek to raise in federal court.  See 28 U.S.C. § 2254(b), (c).  The exhaustion-of-state-

9     remedies doctrine "reflects a policy of federal-state comity" designed to give a State "'the initial

10    "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'"  Picard

11    v. Connor, 404 U.S. 270, 275 (1971) (citations omitted).  The court generally may not grant

12    relief on an unexhausted claim, see 28 U.S.C. § 2254(b)(1).

13           Both the legal basis and the factual basis of the claim must be fairly presented in order

14    to exhaust.  It is not sufficient to raise only the facts supporting the claim; rather, "the

15    constitutional claim . . . inherent in those facts" must be brought to the attention of the state

16    court.  See Picard, 404 U.S. at 277.  The state's highest court must "be alerted to the fact that the

17    prisoners are asserting claims under the United States Constitution."  Duncan v. Henry, 513 U.S.

18    364, 365-66 (1995).  With regard to the factual basis for the claim, "the petitioner must only

19    provide the state court with the operative facts, that is, 'all of the facts necessary to give

20    application to the constitutional principle upon which [the petitioner] relies.'"  Davis v. Silva,

21    511 F.3d 1005, 1009 (9th Cir. 2008) (citations omitted).

22

23           2.      Analysis

24           The court has compared the federal petition with the petition for review filed in the

25    California Supreme Court and the petition for writ of habeas corpus filed in the California

26    Supreme Court to determine whether all the claims in the former were included in one or both

27

28

3

1  of the latter two documents.[1]  They were not.  The court now discusses the several claims and

2  sections challenged as unexhausted.

3       Claim 2: State court remedies were not exhausted for this claim.  Claim 2 alleged that the

4  police improperly "videotaped a pre-accusatory lineup of petitioner without counsel for

5  petitioner" and thereby denied him his Sixth Amendment right to have counsel present at a

6  critical stage.  Federal Petition, p. 7.  Ray referred to the lineup at page 16 of his state habeas

7  petition, but that did not exhaust Claim 2 because his mention of the lineup was in the context

8  of an ineffective assistance of counsel claim rather than a denial of counsel claim.  These two

9  kinds of claims – denial of counsel and ineffective assistance of counsel – both arise from the

10  Sixth Amendment's right to counsel, but are analyzed under two separate lines of legal authority.

11  Constitutional claims are not fairly presented to the state courts and therefore are not exhausted

12  if the claims arose under the same constitutional provision but are logically distinct or are based

13  on different and unrelated lines of precedent.  See Robinson v. Kramer, 588 F.3d 1212, 1216-17

14  (9th Cir. 2009) (exhaustion of Marsden claim does not constitute exhaustion of Farretta claims;

15  two claims are distinct).  Additionally, the facts are distinct: saying that no attorney was present

16  is quite different from saying that an attorney later failed to object to the lineup.  Presentation

17  of one claim did not exhaust the other.

18       Claim 4:  State court remedies were not exhausted for Claim 4, labeled "actual

19  innocence," because it was not presented to the state's highest court.  Additionally, regardless

20  of that problem, the claim must be dismissed because a freestanding actual innocence claim is

21  not cognizable as a separate claim for habeas relief.   "Claims of actual innocence based on

22

23       [1]The petition for review filed in the California Supreme Court (hereinafter "petition for review")
24  was attached as Exhibit J to the federal petition for writ of habeas corpus.  The petition for writ of
    habeas corpus filed in the California Supreme Court (hereinafter "state habeas petition") was attached
    as Exhibit H to the federal petition for writ of habeas corpus.  The pagination for the state habeas
25  petition was confusing and respondent did little to alleviate the confusion in his re-pagination of the
    document.  The court did its own repagination by numbering the pages of the state habeas petition
26  sequentially from 1-29, with page 29 being the page with the verification at the top, and uses this
    pagination system in this order.  Likewise, the court repaginated the federal petition from 1-47, with
27  page 47 being the page with the verification at the top.  The parties should conform to the court's page-
    numbering system in future filings.
28

4

1   newly discovered evidence have never been held to state a ground for federal habeas relief

2   absent an independent constitutional violation occurring in the underlying state criminal

3   proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993).  A petitioner still may challenge the

4   sufficiency of the evidence to support the conviction, as Ray did in his Claim 13.

5        Claim 6, § 3:  The contention that the evidence was insufficient to prove the great bodily

6   injury enhancement for count 22 was fairly presented to the California Supreme Court.  See

7   State Habeas Petition, pp. 19-20.  State judicial remedies were exhausted for this part of Claim

8   6.

9        Claim 6, § 4: State judicial remedies were not exhausted for the claim that there was a

10  denial of an interpreter.  See Federal Petition, p. 18, claim 6, § 4.  Ray did mention the denial

11  of an interpreter in the ineffective assistance of appellate counsel claim at page 4 of the state

12  habeas petition, but that was insufficient to exhaust the claim.  A claim that trial and/or appellate

13  counsel was ineffective in failing to raise a claim in the state courts does not fairly present the

14  underlying claim to the state court.  Rose v. Palmateer, 395 F.3d 1108, 1112 (9th Cir. 2005)

15       Claim 6, § 6: State judicial remedies were not exhausted for the contention that the

16  enhancement for count 26/27[2] should not have been imposed because it was not in the accusatory

17  pleading.  The mention of the variance between pleading and proof within the ineffective

18  assistance of counsel claim (see State Habeas Petition, p. 17) did not exhaust the underlying

19  claim.  See Rose v. Palmateer, 395 F.3d at 1112.

20       Claim 7:  This claim, labeled "failure to sever, defendants," was not exhausted insofar as

21  it was based on the failure to sever the trials.  However, Ray argued here that he was "actually

22  challenging the admission of the codefendants 'redacted' statement under Bruton/Crawford error.

23  This was presented to the California Supreme Court by way of the 'Petition for review' page 30."

24  Opposition, p. 3. State judicial remedies for the Bruton/Crawford claim (which is particular kind

25  of Confrontation Clause claim) were exhausted for the claim.  See Petition For Review, p. 32.

26

27       [2]Here and elsewhere, the parties used a slash between two counts, apparently to signal that two
    counts were factually related.  For example, count 26 and count 27 were for the robberies of two
28  customers at the same convenience store in a single incident.  See Cal. Ct. App. Opinion, p. 15.

5

The failure-to-sever portion of the claim is dismissed in light of Ray's statement in his opposition that he did not intend to present such a claim.

Claim 8, § 1: This claim asserted that counsel was ineffective in failing to file a § 995 motion.  The claim in this section is dismissed pursuant to Ray's request at page 3 of his opposition to the motion to dismiss.

Claim 8, § 4: This claim alleged that trial counsel was ineffective in that he "failed to make crucial motions during pretrial or at trial." Federal Petition, p. 26.  In his opposition, Ray argued that "one can infer . . . it was presented." Opposition, p. 4.  Ray did not identify – here or in state court – any particular motion that should have been made but was not made.[3]   The lack of details causes exhaustion problems as well as pleading problems.  Ray did not fairly present the claim to the state court because he did not allege specifically which "crucial motions" counsel failed to make.  Further, Ray's federal petition that referred only to unidentified "crucial motions" did not have the requisite specificity.  Rule 2(c) of the Rules Governing Habeas Corpus cases instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground." Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254; see generally Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir. 1970) (conclusory allegations in a habeas petition fail to state a claim).  If Ray wants to have this court determine whether trial counsel's failure to make crucial motions amounted to constitutionally ineffective assistance of counsel, he needs to specify – to both the state's highest court and to this court – just what those motions were.

Claim 8, § 7: This claim alleged that counsel was ineffective in that he "called no witnesses on petitioners (sic) behalf." Federal Petition, p. 27.  In his state habeas petition, Ray alleged that counsel failed to call witnesses, although the only witness identified by name was the count 3 victim, Christina Miller. State Habeas Petition, p. 14.  His claim was exhausted to

---

[3]In his state habeas petition, Ray did argue that counsel failed to move to suppress his statements made before he was advised of his Miranda rights. State Habeas Petition, p. 13.  But in his federal petition, he contradictorily stated that such a motion was made and excluded it from his claim that counsel failed to make crucial motions.  Federal Petition, p. 26.

1   the extent it challenged the failure to call Christina Miller, but not with regard to any other

2   witness.  He did not identify specifically who those other witnesses were and why their

3   testimony would have helped him.  In his state habeas petition, Ray directed the reader to "see

4   appendix for evidence," id. but there was no appendix attached to the document.  He also

5   directed the reader to "see witness list submitted to the court," id., but that did not help because

6   the witness list was not attached to the petition and the state's highest court was not obligated

7   to hunt through the files to find the document.  If Ray wants to have this court determine whether

8   trial counsel's failure to call witnesses amounted to constitutionally ineffective assistance of

9   counsel, he needs to specify – for both the state's highest court and for this court – just who those

10  witnesses were and how the testimony of each would have helped him.

11       Claim 8, § 9:  This claim alleged that trial counsel was ineffective in that he "failed to

12  perform with reasonable competency in certain other regards during the penalty phase.  (E.g.)

13  the court imposed an illegal sentencing enhancement as to count 26/27."  Federal Petition, p. 28

14  (errors in source).  This court understands the claim to be that counsel failed to object to the

15  sentence enhancement for count 26/27 for use of a knife because use of a knife was not alleged

16  in the accusatory pleading.  As so understood, the claim was exhausted by Ray's argument in his

17  state habeas petition that "counsel never disputed an enhancement not pled in the pleading, ct

18  26/27 had an enhancement imposed on petitioner counsel never objected to this."  State Habeas

19  Petition, p. 17.[4]

20       Claim 8, § 11: This claim alleged that counsel provided ineffective assistance by failing

21  to move for an acquittal.  The claim in this section is dismissed pursuant to Ray's request at page

22  4 of his opposition to the motion to dismiss.

23       Claim 12: This claim alleged that the trial court erred in failing to instruct on the law of

24  accomplices.  The claim is dismissed pursuant to Ray's request at page 4 of his opposition to the

25

26       [4]Ray's other argument was that he exhausted by mentioning the issue in claim 2 of his state
    habeas petition.  This argument is unpersuasive because the federal claim was for ineffective assistance
27  of trial counsel, and claim 2 of the state habeas petition was for ineffective assistance of appellate
    counsel.
28

1   motion to dismiss.

2       Claim 13: This claim alleged that the evidence was insufficient to support the conviction

3   on counts 1, 2/3, 5/6, 8/9,11, 12, 14, 15, 16/17, 18/19, 20, 22, 25, and 26/27.  Ray contended in

4   his opposition that he explained in his reply brief to the California Court of Appeal that he was

5   challenging all these counts.  Opposition, p. 5; Ex. E.  Presentation of the claim to the

6   intermediate appellate court did not exhaust it; the claim must be presented to the highest state

7   court.  Ray did not dispute respondent's contention that he did not present to the California

8   Supreme Court his challenge to the sufficiency of the evidence on counts 1, 5/6, 11, 12, 14,

9   16/17, and 26/27.  State court remedies therefore were not exhausted as to those counts.

10       Claim 14: This claim, alleging that the trial court improperly admitted opinion testimony,

11   is dismissed pursuant to Ray's request at page 5 of his opposition to the motion to dismiss.

12       To summarize, the court has made these determinations.  First, the claims for which state

13   court remedies were not exhausted are claim 2; claim 6, § 4; claim 6, § 6; claim 8, § 4; claim 8,

14   § 7 (as to all witnesses except Christina Miller); and claim 13 (as to counts 1, 5/6, 11, 12, 14,

15   16/17, and 26/27).  Second,  state court remedies were exhausted as to claim 6, § 3; claim 7

16   (insofar as it asserts a Crawford/Bruton claim); and claim 8, § 9.  Third, claim 4 is dismissed

17   because state court remedies were not exhausted for it and it is not cognizable in federal habeas.

18   Fourth, the court dismisses at Ray's request claim 7 (insofar as it asserts an erroneous failure to

19   sever trials); claim 8, § 1; claim 8, § 11; claim 12; and claim 14.

20

21       3.    Petitioner's Options

22       Ray's federal petition contains both exhausted and unexhausted claims and therefore is

23   a "mixed" petition.  See Rhines v. Weber, 544 U.S. 269, 277 (2005).   The court cannot

24   adjudicate the merits of a habeas petition containing any claim as to which state remedies have

25   not been exhausted, such as a mixed petition.  See Rose v. Lundy, 455 U.S. 509, 522 (1982); cf.

26   28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to

27   exhaust).

28

1   Due to a critical one-year statute of limitations on the filing of federal habeas petitions

2   under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), <u>see</u> 28 U.S.C. §

3   2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed

4   petition to be time-barred) without giving Ray the opportunity to elect whether to proceed with

5   just his exhausted claims, or to try to exhaust the unexhausted claims before having this court

6   consider all his claims.  Accordingly, instead of an outright dismissal of the action, the court will

7   allow Ray to choose whether he wants to –

8          (1) dismiss the unexhausted claims and go forward in this action with only the exhausted

9          claims, or

10         (2) dismiss this action and return to state court to exhaust all claims before filing a new

11         federal petition presenting all of his claims, or

12         (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims

13         in the California Supreme Court.

14  Ray is cautioned that the options have risks which he should take into account in deciding which

15  option to choose.  If he chooses option (1) and goes forward with only his exhausted claims, he

16  may face dismissal of any later-filed petition.  <u>See</u> 28 U.S.C. § 2244(b).  If he chooses option

17  (2), dismissing this action and returning to state court to exhaust all claims before filing a new

18  federal petition, his new federal petition might be rejected as time-barred.  <u>See</u> 28 U.S.C. §

19  2244(d).  If he chooses option (3), he must file a motion in this court to obtain a stay and (if the

20  motion is granted) then must act diligently to file in the California Supreme Court, to obtain a

21  decision from the California Supreme Court on his unexhausted claim, and to return to this court.

22  And under option (3), this action stalls:  this court will do nothing further to resolve the case

23  while Ray is diligently seeking relief in state court.

24         In <u>Rhines</u>, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed

25

26

27

28

9

1 habeas petitions.[5]  The Court cautioned district courts against being too liberal in allowing a stay

2 because a stay works against several of the purposes of the AEDPA in that it "frustrates

3 AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of

4 the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas

5 proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior

6 to filing his federal petition." Rhines, 544 U.S. at 277.  A stay and abeyance "is only appropriate

7 when the district court determines there was good cause for the petitioner's failure to exhaust his

8 claims first in state court," the claims are not meritless, and there are no intentionally dilatory

9 litigation tactics by the petitioner. Id. at 277-78.  Any stay must be limited in time to avoid

10 indefinite delay. Id.  Reasonable time limits would be 30 days to get to state court, as long as

11 necessary in state court, and 30 days to get back to federal court after the final rejection of the

12 claims by the state court. See id. at 278;  Kelly v. Small, 315 F.3d at 1071.

13        Ray is cautioned that, if he chooses to request a stay to exhaust the unexhausted claims,

14 he needs to identify the federal constitutional basis for his claim in both the California Supreme

15 Court and this court.  Also, he needs to provide a short statement of facts explaining his claims

16 – some of his cursory descriptions do not adequately alert any court as to the particular infirmity

17 for which he wants habeas relief.

18

19

20 _____

21        [5]There is an alternate stay procedure for a petitioner who has some unexhausted claims
he wants to present in his federal habeas action, but it often is unhelpful because statute of
22 limitations problems may exist for claims that are not sufficiently related to the claims in the
original petition. Under the procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003),
23 "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and
holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity
24 to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his
petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564
25 F.3d 1133, 1134 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71).  A petitioner seeking to
avail himself of the Kelly three-step procedure is not required to show good cause as under
26 Rhines, but rather must show that the amendment of any newly exhausted claims back into the
petition satisfies both Mayle v. Felix, 545 U.S. 644, 655 (2005), by sharing a "common core of
27 operative facts" and Duncan v. Walker, 533 U.S. 167 (2001), by complying with the statute of
limitations. King, 564 F.3d at 1141-43.

28

1    B.      Ray's Motions

2           Ray's motion for issuance of the writ is DENIED.  (Docket # 8.)   He urged that

3    respondent had not filed an answer as ordered by the court in the order to show cause.  However,

4    respondent had filed (and Ray had opposed) a motion to dismiss before Ray filed this motion.

5    Respondent's motion to dismiss was a permissible filing in response to the order to show cause.

6    See White v. Lewis, 874 F.2d 599, 600, 602-03 (9th Cir. 1989).  The court is receptive to a

7    respondent raising threshold problems (such as lack of jurisdiction, failure to exhaust, improper

8    venue, lack of custody, mootness, and untimeliness) by motion rather than in the answer.  When

9    the court sees a procedural problem in its initial review of a habeas petition, it often invites a

10   motion to dismiss rather than an answer.  However, as here, there often is not enough

11   information in the petition to alert the court to the existence of a potential procedural problem

12   and the court issues an order to show cause why the writ should not be granted.  By doing so,

13   the court does not intend to preclude respondent to move to dismiss the petition for a threshold

14   procedural problem.  Respondent did not err by filing a motion to dismiss rather than an answer.

15          Ray's motion for a ruling is GRANTED in part.  (Docket # 10, # 11.)  This order disposes

16   of the pending motions in the case.  A ruling on the merits of the petition will not happen until

17   the exhaustion problem is dealt with by Ray.

18

19                                          **CONCLUSION**

20          Respondent's motion to dismiss is GRANTED.  (Docket # 6.)

21          Petitioner must file no later than **May 31, 2011**, a notice in which he states whether he

22   elects to (1) dismiss the unexhausted claims and go forward in this action with only the

23   remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims

24   before returning to federal court to present all of his claims in a new petition, or (3) moves for

25   a stay of these proceedings while he exhausts his state court remedies for the unexhausted claim.

26   If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if

27   he files a one-page document entitled "Election By Petitioner" and states simply:  "Petitioner

28

                                               11

1   elects to proceed under option ___ provided in the court's Order On Initial Review." Petitioner

2   would have to insert a number in place of the blank space to indicate which of the first two

3   options he chooses.  If he chooses Option (3), no later than **May 31, 2011**, petitioner must file

4   a motion for a stay in which he explains why he failed to exhaust his unexhausted claim in state

5   court before presenting them to this court, that his claims are not meritless, and that he is not

6   intentionally delaying resolution of his constitutional claims.  If he wants to file a motion under

7   King/Kelly to amend his petition (to delete the unexhausted claims) and to stay this action while

8   he exhausts state court remedies for the unexhausted claims, he may do so no later than **May 31,**

9   **2011**.  If petitioner does not choose one of the three options or file a motion by the deadline, the

10  court will dismiss the unexhausted claims.

11          Petitioner's motion for issuance of the writ is DENIED.  (Docket # 8.)  Petitioner's

12  motions for a ruling are GRANTED in part.  (Docket # 10, # 11.)

13          IT IS SO ORDERED.

14  DATED: April 15, 2011

              SUSAN ILLSTON
              United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28