United States District Court
For the Northern District of California

1
2
3
4
5          UNITED STATES DISTRICT COURT
6          NORTHERN DISTRICT OF CALIFORNIA
7
8   EDWARD V. RAY, JR.,                              No. C 10-1582 SI (pr)
9              Petitioner,                           **ORDER TO STAY PROCEEDINGS**
                                                     **AND ADMINISTRATIVELY CLOSE**
10      v.                                           **CASE**
11  MATTHEW CATE, Secretary of
    California Department of
12  Corrections & Rehabilitation,
13             Respondent.
                                              /
14

15          Petitioner has filed a motion for a stay of this action so that he may exhaust state court

16  remedies for some unexhausted claims in his habeas petition that he wishes to present to this

17  court for federal habeas review. Upon due consideration, the court GRANTS petitioner's motion

18  to stay. (Docket # 15.)  Liberally construing the motion, it appears that petitioner has shown

19  good cause for his failure to exhaust the claims before filing this action, the claims do not appear

20  patently meritless, and there does not appear to be any intentionally dilatory litigation tactic by

21  petitioner. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

22          This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the

23  action. Nothing further will take place in this action until petitioner exhausts the unexhausted

24  claims and, within thirty days of doing so, moves to reopen this action, lift the court's stay and

25  amend his petition to add his new claims. When he finishes in state court and moves to reopen,

26  petitioner must clearly identify each claim that has been exhausted in state court.

27          Petitioner must act diligently to get his state court petition filed and promptly return to

28  federal court after his state court proceedings have concluded.  If petitioner does not return

1   within thirty days of exhausting the unexhausted claims, the action or the unexhausted claims

2   may be dismissed. *See id.; Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2003). Petitioner also

3   must exercise continuous diligence during the exhaustion process in the state courts. Imposing

4   these time limits for petitioner to expeditiously get to, through, and back from state court furthers

5   the AEDPA's goals of encouraging finality of judgments and streamlining federal habeas

6   proceedings. *See Rhines*, 544 U.S. at 278.

7        IT IS SO ORDERED.

8   DATED: June 21, 2011

    _____

9        SUSAN ILLSTON
         United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28