United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD V. RAY, JR.,

Petitioner,

vs.

J. SCHOMIG, Warden,

Respondent.

/

No. C 10-01582 YGR (PR)

Related Case No. C 11-01604 YGR (PR)

**ORDER LIFTING STAY; DIRECTING RESPONDENT TO SHOW CAUSE WHY THE WRIT SHOULD NOT BE GRANTED; AND ADDRESSING PENDING MOTIONS**

On April 14, 2010, Petitioner Edward V. Ray, Jr., a state prisoner currently incarcerated at the Tallahatchie County Correctional Facility (TCCF) in Tutwiler, Mississippi, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was originally assigned to the Honorable Susan Illston, who issued an Order to Show Cause on September 1, 2010.[1] On April 15, 2011, Judge Illston granted Respondent's motion to dismiss for failure to exhaust state remedies and gave Petitioner various options as to how to proceed. On June 21, 2011, Judge Illston granted Petitioner's motion to stay the proceedings in order for him to exhaust the unexhausted claims, and she administratively closed that case. On December 6, 2011, Judge Illston denied Petitioner's first motion to reopen this case and proceed with this action because there was "confusion as to whether he wants this court to consider only the claims identified in the April 15, 2011 order as having been exhausted OR wants this court to consider those claims plus the claims in the habeas petition that the California Supreme Court rejected on October 20, 2011." (Dec. 6, 2011 Order at 2.) The denial was "without prejudice to [P]etitioner filing a new motion to reopen and lift the stay." (*Id.* at 3.)

In an Order dated April 11, 2012, the undersigned judge issued an order reassigning Petitioner's action, stating:

> Because [Petitioner's] case (Case No. C 10-01582 SI (PR)) has previously been related to Ray, III's case (Case No. C 11-01604 YGR (PR)), these related cases should be assigned to the same judge pursuant to Northern District Local Rule 3-12.

[1] On April 1, 2011, Petitioner Edward V. Ray, III (Ray, III), who is Petitioner's son and is also a state prisoner currently incarcerated at TCCF, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in Case No. C 11-01604 YGR (PR). On November 29, 2011, Judge Illston issued a Related Case Order, in which she found both Petitioner's and Ray, III's cases to be related.

> Accordingly, the Clerk of the Court is hereby directed to reassign [Petitioner's] case (Case No. C 10-01582 SI (PR)) to the undersigned judge.

(Apr. 11, 2012 Order at 2.)

Before the Court is Petitioner's second motion to reopen his case, lift the stay, and move forward with only the claims deemed exhausted by Judge Illston in her April 15, 2011 Order (docket no. 30). Good cause appearing, Petitioner's motion is GRANTED. The Clerk of the Court shall REOPEN this case and serve **a copy of this Order, Judge Illston's September 1, 2010, April 15, 2011, and December 6, 2011 Orders (docket nos. 5, 14, 28), and the petition and all amendments and attachments thereto** upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his most current address.

Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer. Otherwise, the petition will be deemed submitted and ready for decision thirty days after the date Petitioner is served with Respondent's answer. Petitioner is reminded that all communications with the Court, whether by way of formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the document to Respondent's counsel.

Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **seven (7) days** prior to the deadline sought to be extended.

Also pending before the Court are Petitioner's "Motion to Compel Answer" as well as his "Request for Ruling on Several Motions Pending Made by Counsel for Respondent, and Petitioner" (docket nos. 29, 32).

In his "Motion to Compel Answer," Petitioner states that "[t]his Court is responsible under Habeas Rule 4 for specifying the deadline for filing the answer (or "return") to the order to show cause, issued 9-1-10." (Mot. to Compel Ans. at 2.) Petitioner adds that the "answer must be filed within three days . . . [and that] Federal Rule[] of Civil Procedure 81(a)(2) permits additional time of up to 40 days, for good cause." (*Id.*) The Court has already set a briefing schedule above; therefore, Petitioner's "Motion to Compel Answer" is GRANTED in part and DENIED in part (docket no. 29). The parties are directed to abide by the briefing schedule outlined above.

Petitioner's "Request for Ruling on Several Motions Pending Made by Counsel for Respondent, and Petitioner" (docket no. 32) is also GRANTED in part and DENIED in part. This Order disposes of the pending motions in the case.

The Clerk shall file this Order in both Petitioner's and Ray, III's cases, Case Nos. C 10-01582 YGR (PR) and C 11-01604 YGR (PR), and shall send a copy of it to each of the parties in both cases.

This Order terminates Docket nos. 29, 30 and 32.

IT IS SO ORDERED.

DATED: April 18, 2012

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE