UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD V. RAY, JR.,<br><br>    Petitioner,<br><br>    v.<br><br>MATTHEW CATE,<br><br>    Respondent.<br>_____/ | No. C 10-1582 YGR (PR)<br><br>**ORDER RE: PENDING MOTIONS** |

Petitioner, who seeks federal habeas relief from his state convictions, has filed several motions. His motion for bail pending resolution of his habeas petition (Docket No. 45) is DENIED. It remains undecided in the Ninth Circuit whether a prisoner may be released on bail during the pendency of his district court habeas action. *See In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001). A district court may have the authority to release a state prisoner on bail pending resolution of a habeas proceeding, but only in extraordinary cases involving special circumstances or a high probability of success. *Land v. Deeds*, 878 F.2d 318, 318-19 (9th Cir. 1989) (citing *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (requiring both exceptional circumstances and high probability of success)). Petitioner has not shown that there are special circumstances or that there is a high probability of success.

Petitioner's motion for the appointment of counsel (Docket No. 50) is DENIED. There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present. *See* generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994). Petitioner has not shown that there are exceptional circumstances warranting appointment of counsel.

His motions for a ruling on the petition and to compel an answer (Docket Nos. 51 and 65) are DENIED. The Court will issue an order addressing the merits of the petition in due course. The motion to compel an answer is moot, respondent having filed one.

Petitioner's motion for a preliminary injunction (Docket No. 56) is DENIED as premature. He may refile such motion after the Court has issued an order addressing the merits of the petition.

The Clerk shall terminate Docket Nos. 45, 50, 51, 56 and 65.

**IT IS SO ORDERED**.

DATED: October 26, 2012

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE