UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD V. RAY,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW CATE, Warden,<br><br>Respondent. | Case No. 10-cv-01582-YGR (PR)<br><br>**ORDER DENYING MOTION FOR RELIEF FROM A FINAL JUDGMENT AND DENYING CERTIFICATE OF APPEALABILITY** |

This federal habeas corpus action, now closed, was filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. On June 6, 2013, the Court denied the federal habeas petition, declined to issue a Certificate of Appealability, and entered judgment in favor of Respondent. Dkts. 91, 92. The Ninth Circuit Court of Appeals affirmed the decision on July 8, 2016. Dkt. 105. The Ninth Circuit issued its mandate on August 2, 2016. Dkt. 106. Petitioner has filed a motion for relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b) in order to reopen the case. Dkt. 110.

Rule 60(b) lists six grounds for relief from a judgment. Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered. *See* Fed. R. Civ. P. 60(b). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. *Jeff D. v. Kempthorne*, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).

Because judgment was entered in 2013, this motion is untimely by many years. To the extent Petitioner's motion attempts to raise new grounds for habeas relief, it is tantamount to an

unauthorized second or successive habeas petition over which this Court lacks jurisdiction because there is no proof showing that he obtained permission from the Ninth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.")

Accordingly, Petitioner's motion for relief from a final judgment is DENIED. Dkt. 110. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is DENIED. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).

This Order terminates Docket No. 110.

IT IS SO ORDERED.

Dated: January 23, 2018

_____
YVONNE GONZALEZ ROGERS
United States District Judge